Kathryn J. Halford (CA Bar No. 068141)
Email: khalford@wkclegal.com
Emily Johnson (CA Bar No. 342847)
Email: ejohnson@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD ROSENFELD & LEVY**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Trustees of the
Construction Teamsters Security Fund for Southern
California, et al.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION TEAMSTERS SECURITY FUND FOR SOUTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CONSTRUCTION TEAMSTERS APPRENTICESHIP FUND FOR SOUTNERN CALIFORNIA; BOARD OF TRUSTEES OF THE CONSTRUCTION TEAMSTERS TRAINING AND UPGRADING FUND FOR SOUTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CONSTRUCTION TEAMSTERS VACATION-HOLIDAY TRUST; BOARD OF TRUSTEES OF THE TEAMSTERS CONTRACT COMPLIANCE TRUST FUND FOR SOUTHERN CALIFORNIA, <br><br>    Plaintiffs, <br><br>  v. <br><br> WEBE CONSTUCTION CLEANUP, INC., a California corporation, <br><br>    Defendant. | CASE NO. <br><br> **COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATION OF ERISA** <br><br> [29 U.S.C.§§301(a), 1145] |

Plaintiffs complain and allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq., and by Section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a).

## VENUE

2. In accordance with ERISA § 502(e), 29 U.S.C. §1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, the Board of Trustees of the Construction Teamsters Security Fund for Southern California; Board of Trustees of the Construction Teamsters Apprenticeship Fund for Southern California; Board of Trustees of the Construction Teamsters Training and Upgrading Fund for Southern California; Board of Trustees of the Vacation-Holiday Trust; and Board of Trustees of the Teamsters Contract Compliance Trust Fund for Southern California (herein "Plaintiffs") are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to LMRA § 302(c)(5), 29 U.S.C. §186(c)(5).

4. The Construction Teamsters Security Fund for Southern California; Construction Teamsters Apprenticeship Fund for Southern California; the Vacation-Holiday Trust; and the Construction Teamsters Training and Upgrading Fund for Southern California are "multiemployer plans" within the meaning of ERISA §§3(37)(A) and 515, 29 U.S.C. §1002(37)(A), and the 29 U.S.C. §1145, and the Plaintiffs are fiduciaries with respect to the each within the meaning of ERISA § 21(A), 29 U.S.C. § 1002(21)(A).The Teamsters Contract Compliance

2

Trust Fund for Southern California is a labor-management Trust Fund established pursuant to the Labor Management Cooperation Act of 1978 (collectively "the Trust Funds").

5. The Trust Funds were established pursuant to collective bargaining agreements between the Teamsters Joint Council #42 and Teamsters Local 87 ("Union") and various employer associations representing contractors performing work in the Southern California area within the geographic jurisdiction of the Union. The Trust Funds are administered in the City of West Covina, within the County of Los Angeles.

6. Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, Defendant, WEBE CONSTUCTION CLEANUP, INC., ("Defendant" and/or "WEBE") was and is a California corporation organized and existing under and by virtue of the laws of the State of California with its principal place of business located in the City of San Diego, State of California.

7. This complaint is prosecuted pursuant to LMRA § 301(a), 29 U.S.C. § 185(a), as against an employer engaged in an industry affecting commerce, and pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, to enforce the provisions of ERISA.

**GENERAL ALLEGATIONS**

8. In July 2020, WEBE became signatory to a collective bargaining agreement with Teamsters Local 87 ("Union") entitled Southern California Teamsters Short Form Agreement ("Labor Agreement") whereby WEBE agreed to be bound by the provisions of a Master Labor Agreement ("MLA") whose provisions require that WEBE report and pay contributions to the Trust Funds for all covered work performed pursuant to the MLA. A true and correct copy of the Labor Agreement is submitted herewith and incorporated by this reference as Exhibit "1". A true and correct copy of the MLA is submitted herewith and incorporated herein by this reference as Exhibit "2".

9. By executing the Labor Agreement, WEBE also agreed to be bound by the written terms of the Agreements and Declarations of Trust establishing the Trust Funds ("Trust Agreements"). In accordance with the Trust Agreements and the MLA, WEBE is required to submit monthly reports and make contributions to the Trust Funds at the rates specified in the MLA for all hours worked or paid for all employees performing work covered by the MLA.

10. The Trust Agreements require WEBE to report and pay contributions to the Trust Funds at their place of business in the County of Los Angeles, State of California on or before the 15th day of the month following the month in which the work was performed by WEBE's employees. Contributions not postmarked on or before the 15th day of each month following the month in which hours were worked are deemed delinquent.

11. The Trust Agreements and MLA provide that it would be extremely difficult, if not impracticable, to fix the actual expenses and damages to the Trust Funds that would result from the failure of a contractor to timely pay the required contributions. Therefore, the Trust Agreements provide the assessment of liquidated damages on all delinquent contributions. The MLA provides that the amount of damage to the Trust Funds resulting from the failure to pay contributions when due shall be presumed to be the sum of $35.00 or 12% per Trust of the amount of the contributions due, whichever is greater. This amount becomes due and owing as liquidated damages, and not as a penalty, on delinquent contributions, and is owed in addition to any delinquent contributions.

12. The Trust Agreements further require the payment of interest on any unpaid contributions or liquidated damages, as a partial reimbursement of lost income and investment opportunity, at the annual prime rate plus 2 percent (2%), commencing from the due date of the contribution and continuing until the delinquent contribution is paid.

13. The Trust Agreements and the MLA further require that WEBE pay all expenses of collection, including actual attorneys' fee incurred by the Trust Funds in the collection of delinquent contributions.

## FIRST CLAIM FOR RELIEF
## [BREACH OF CONTRACT - DAMAGES]

14. Plaintiffs hereby reallege each allegation contained in paragraphs 1 through 13 of this complaint, as if fully set forth herein.

15. Plaintiffs are informed and believe and upon that basis allege that WEBE employed and continues to employ persons who perform work covered by the Labor Agreement and the MLA.

16. WEBE has failed to submit reports and or pay any contributions to the Trust Funds for the hours worked or paid to employees performing work covered by the MLA during the period of July 2020 to date. By failing to submit reports and pay required contributions in accordance with the terms of the MLA and Trust Agreements on or before the fifteenth (15th) day of the month following the month in which hours were worked, WEBE thereby breached the terms of the Labor Agreement, the MLA and Trust Agreements.

17. Despite demand, and in breach of the Labor Agreement, the MLA and Trust Agreements, WEBE has refused and continues to refuse to submit reports and pay required contributions for all hours worked by or paid to its employees who performed work covered by the MLA. Because WEBE has failed to submit required reports to the Trust Funds, the total amount of delinquent contributions owed to the Trust Funds and liquidated damages and interest assessed on the delinquent contributions for the period of July 2020 to date cannot be accurately determined at this time. Interest is accruing at the annual prime rate plus 2 percent (2%) from due date of all delinquent contributions until paid. Plaintiffs will seek leave to amend the complaint once the full amount of WEBE's delinquency is ascertained.

5

1   18.  As a result of WEBE's breaches of the Labor Agreement, the MLA and Trust Agreements, it has been necessary for Plaintiffs to engage the firm of Wohlner Kaplon Cutler Halford Rosenfeld & Levy for the purpose of determining and collecting delinquent contributions and enforcing the terms of the Labor Agreement, MLA and Trust Agreements, and Plaintiffs are entitled to reasonable attorneys' fees in connection therewith.

19.  Prior to the commencement of this action, Plaintiffs have complied with all conditions, if any, on their part to be performed under the Labor Agreement, MLA, Trust Agreements and as required by law.

## SECOND CLAIM FOR RELIEF
## [VIOLATION OF ERISA- COLLECTION]

20.  Plaintiffs reallege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 19, inclusive, of this complaint as if fully set forth herein.

21.  By failing to submit reports and pay contributions to the Trust Funds in accordance with the provisions of the Labor Agreement, the MLA and Trust Agreements, WEBE has also violated ERISA § 515, 29 U.S.C. §1145. In accordance with ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2), 1145, Plaintiffs are entitled to and hereby demand an award of all unpaid contributions owed for the period of July 2020 to the date of Judgment, liquidated damages, interest, reasonable attorney's fees and all costs, incurred in enforcing the terms of the MLA and Trust Agreements.

## THIRD CLAIM FOR RELIEF
## [VIOLATION OF ERISA-ACCOUNTING]

22.  Plaintiffs reallege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 21, inclusive, of this complaint as if fully set forth herein.

23.  In accordance with the Trust Agreements and MLA WEBE is required to submit required monthly reports to the Trust Funds. WEBE has failed to submit reports for the period of July 2020 to date in violation of the terms of the MLA and the Trust Agreements.

24.  By failing to submit reports and pay contributions to the Trust Funds in accordance with the provisions of the Labor Agreement, the MLA and Trust Agreements, WEBE has violated ERISA § 515, 29 U.S.C. §1145. In accordance with ERISA §§ 502(g)(2)(E), 29 U.S.C. §§ 1132(g)(2)(E) and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand, as other appropriate equitable relief, that WEBE be ordered to submit all delinquent reports to the Trust Funds for the period of July 2020 to the date of Judgment.

WHEREFORE, Plaintiffs demand Judgment against Webe Construction Cleanup, Inc., a California corporation, as follows:

**ON THE FIRST AND SECOND CLAIMS FOR RELIEF:**

1.  For payment of all delinquent contributions owed to the Trust Funds from July 31, 2020 through the date of Judgment, according to proof;

2.  For payment of accrued interest at the annual prime rate, plus 2 percent on all delinquent contributions owed for the period of July 2020, calculated from due dates of delinquent contributions and continuing to accrue to date of payment, according to proof;

3.  For payment of liquidated damages assessed at the rate of 12 percent (12%) or thirty-five dollars, whichever is greater, on all delinquent contributions owed to the Trust Funds from July 2020 through the date of Judgment, according to proof;

**ON THE THIRD CLAIM FOR RELIEF-ACCOUNTING**

4.  In accordance with ERISA §§ 502(g)(2)(E), 29 U.S.C. §§ 1132(g)(2)(E) and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) for an Order requiring that WEBE to submit all delinquent monthly reports to the Trust Funds

1  for the period of July 2020 to the date of Judgment within thirty days of entry of
2  the Order.

3  **ON ALL CLAIMS FOR RELIEF**

4      9.    For attorney's fees and costs; and

5      10.    For such other relief as the court deems appropriate.

6  DATED: December 19, 2022        Kathryn J. Halford_____
                                             WOHLNER KAPLON CUTLER
                                             HALFORD ROSENFELD & LEVY

                                             By: */s/ Kathryn J. Halford*
                                                     Attorneys for Plaintiffs, the
                                                     Board of Trustees of the Construction Teamsters Security Trust Fund for Southern California; Board of Trustees of the Construction Teamsters Apprenticeship Fund for Southern California; Board of Trustees of the Construction Teamsters Training and Upgrading Fund for Southern California; Board of Trustees of the Vacation-Holiday Trust; and Board of Trustees of the Teamsters Contract Compliance Trust Fund for Southern California